UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Civil Action No. 1:20-CV-01417-KMT

BRETT MARINO,

       Plaintiff,

vs.

RED WILLOW AKA SLV TRANSPORTATION ,

       Defendant.

**DEFENDANT RED WILLOW, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) & 12(b)(6)**

Defendant Red Willow, Inc. a/k/a SLV Transportation ("SLV"), by and through its attorneys, Wood, Smith, Henning & Berman LLP, files its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and states as follows:

### I.    INTRODUCTION

Plaintiff instituted this action under the provisions of Title III of the Americans with Disabilities Act ("ADA"). Plaintiff seeks injunctive relief as outlined in the Complaint and discussed below.

Through this Motion, SLV identifies for the Court fatal deficiencies in the operative Complaint. First, Plaintiff lacks standing to pursue the relief requested, which means this Court lacks subject matter jurisdiction, warranting dismissal of this action pursuant to Rule 12(b)(1). Second, without regard to the lack of standing, Plaintiff has failed to state a claim upon which

relief can be granted, which unavoidable conclusion independently warrants dismissal of this action pursuant to Rule 12(b)(6).

## II.   STANDARD OF REVIEW

### A.   Motions to Dismiss Pursuant to Rule 12(b)(1)

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. U.S. Const. art. III, § 2, cl.1; *U.S. v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996). The case or controversy limitation requires that a plaintiff have standing. *Id*.; *Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992). A federal court does not have subject matter jurisdiction over a case if the plaintiff does not have standing. *U.S. v. Colorado Supreme Court*, 87 F.3d at 1166 (internal citations omitted).

For purposes of ruling on a motion to dismiss for want of standing under Rule 12(b)(1), courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). However, courts need not strain to find inferences favorable to plaintiff if they are not apparent on face of complaint. *Kohl v. Murphy*, 767 F.Supp. 895, 897 (N.D. Ill. 1991). And while a *pro se* complaint is held to a less stringent standard than formal pleadings drafted by lawyers, it nonetheless must plead factual matter that permits the court to draw the necessary inferences from the face of the document. *Reeves v. MV Transp., Inc*., 845 F. Supp. 2d 104, 106 (D.D.C. 2012) *citing Erickson v. Pardus*, 551 U.S. 89, 94 (2007); A*therton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C.Cir.2009).

### B. Motions to Dismiss Pursuant to Rule 12(b)(6)

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) c*iting Twombly*, 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. *quoting Twombly*, 550 U.S. at 557.

### III. ARGUMENT

#### A. Plaintiff Lacks Standing

Article III of the Constitution establishes the requirements of standing before a case may be properly submitted to a federal court. *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004) (internal citations omitted). The standing inquiry ensures that a plaintiff has a sufficient personal stake in a dispute to ensure the existence of a live case or controversy which renders judicial resolution appropriate. *Id*. To establish Article III standing, a plaintiff must show that: (1) she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested. *Id*.

The "injury in fact" requirement is satisfied differently depending on whether the plaintiff seeks prospective or retrospective relief. *Id*.; *see also City of Los Angeles v. Lyons*, 461 U.S. 95,

101–02 (1983). **To seek prospective relief, the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future**. *Id*. While past wrongs can serve as evidence bearing on whether there is a real and immediate threat of repeated injury, the inquiry does not end there. *Id*. The threatened injury must be "certainly impending" and not merely speculative. *Tandy*, 380 F.3d at 1283. A claimed injury that is contingent upon speculation or conjecture is beyond the bounds of a federal court's jurisdiction. *Id*. at 1284 *citing Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). Mere someday intentions to patronize a defendant in the future—without any description of concrete plans, or indeed even any specification of when the someday will be—do not support a finding of the actual or imminent injury in the context of claims brought under Title III of the ADA. *Deutsch v. Travis County Shoe Hospital, Incorporated*, 721 Fed.Appx. 336, 340

Standing must be analyzed from the facts as they existed at the time the complaint was filed. *Tandy*, 380 F.3d 1284 (internal citations omitted). Each element of standing must be supported with the manner and degree of evidence required at the pertinent, successive stages of the litigation. *Id*. Thus, at the pleadings stage, the elements of standing are subject to the same minimum expectancy and tests of sufficiency as are factual allegations (allegations of fact, taken as true, must state a claim to relief that is plausible on its face). *See id*.

Here, Plaintiff filed his Complaint on May 18, 2020, which lists Title III of the ADA as the provision of United States law at issue in this case. (ECF 1 at 3). Plaintiff purports to plead a single claim:

> SLV transportation violated ADA Title III prohibits places of Public Accommodation from discriminating on the basis of disability when providing Good , Services Facilities , privileges , advantages and accommodations to the public [sic]

(ECF 1 at 4).  Plaintiff then sets out factual allegations spanning "6 or 7 years" over seven paragraphs.  Plaintiff's Request for Relief seeks only injunctive relief under Title III of the ADA (which is the only relief available under Title III) as follows:

1. do not discriminate

2. to abide by provider instructions as stated on any and all certification and recertifications

3. To inform all clients in a clear and separate and any and all formats of there rights as Stated in this title and were to file complaints both state and federal a. upon certification Recertification b signage posting in the office and vehicles

4. No harassment or retaliatory action against client or employee filing civil right compliant with Colorado division of civil rights , Alamosa County human services, Colorado Attorney General

[sic]

(ECF 1 at 6).

Because all such relief sought by Plaintiff is prospective and not retrospective, Plaintiff here is tasked with plausibly alleging a continuing injury or a real and immediate threat of being injured in the future.  *See Tandy*, 380 F.3d at 1283.  Plaintiff's allegations fall fatally short of this jurisdictional minimum in all regards.  Plaintiff does not allege that he has been or is continuing to be injured.  Plaintiff does not identify any injury that is "certainly impending."  Plaintiff does not provide any description of concrete plans or specification of intentions to utilize SLV's services in the future.  Plaintiff has therefore failed to meet his burden of plausibly alleging an "injury in fact."  With no injury in fact alleged, Plaintiff cannot satisfy pleading requirements as to any of the elements of standing imposed by Article III of the Constitution, mandating dismissal pursuant to Rule 12(b)(1).

### B.      Plaintiff has Failed To State a Claim Upon Which Relief Can Be Granted

A plaintiff alleges a violation of Title III of the ADA by asserting (1) that he is an individual with a disability, (2) that the defendant is subject to Title III, and (3) that he was denied an opportunity to benefit from the defendant's services or otherwise was discriminated against because of his disability.  *Reeves v. MV Transp., Inc.*, 845 F.Supp.2d 104, 106 (D.D.C. 2012).  Plaintiff must plead allegations in support of such assertions that permit the Court to infer more than the mere possibility of misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of entitlement to relief."  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 545 (2007).

Here, Plaintiff has not alleged that SLV is subject to Title III of the ADA; Plaintiff has not alleged that he was denied any opportunity or benefit from SLV; and Plaintiff has not alleged that any of SLV's conduct was because of Plaintiff's alleged disability.  Plaintiff skips back and forth from year to year without providing any context for why recollections of alleged events are included in the Complaint or how such alleged events are supposed to relate to the relief requested.  There are no allegations that similarly situated individuals were treated differently or subject to different policies.  There are no facts submitted which even relate to discrimination of any person – let alone Plaintiff.

These *exact* shortcomings in pleading mandated the Tenth Circuit's decision to affirm a dismissal of discrimination claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim in *Khalik v. United States*.  There, the Tenth Circuit determined that a Plaintiff's claims did not meet the plausibility standards of *Iqbal*/*Twombly* where the Plaintiff merely alleged that she was part of a protected class, engaged in protected activity, and was thereafter terminated, without

providing specific factual allegations supporting the conclusion that there was a relationship between her protected class/protected activity and her termination to support the inference that discrimination occurred. *Khalik v. United States*, 671 F.3d 1188, 1193 (10th Cir. 2012).[1] The District Court for the District of Columbia applied the same reasoning and reached the same conclusion in addressing alleged violations of Title III of the ADA in *Reeves v. MV Transp., Inc.* There, the Court said:

> It is not a foregone conclusion that these events occurred because of plaintiff's disability. As drafted, plaintiff alleges that defendants may have violated Title III of the ADA, but these facts "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. Where, as here, plaintiff's factual allegations are "merely consistent with" defendants' liability, his complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955 (internal quotation marks and brackets omitted). Absent allegations to link defendants' conduct with plaintiff's disability, the type or nature of which is unclear, the ADA claim fails. *See Poldberg*, 2011 WL 6097990 at *2 (blind plaintiffs with service dog who pled that a dispatched cab "failed to show up" did not allege that "the failure of [the] cab to arrive ... was in any way caused by reason of [their] disabilities").

*Reeves*, 845 F.Supp.2d at 107 (citations, ellipsis, parentheticals in original).

In the Complaint before the Court on this Motion, there is nothing more than a conclusory statement that SLV violated the ADA in the title of Plaintiff's cause of action and a description of various conversations and policies that leaves the reader of the Complaint to make leaps and assumptions as to what violations purportedly occurred, how they might have occurred, and why. Even providing the *pro se* Complaint due latitude, there is no allegation which would permit the

---

[1] While *Khalik* was a case brought under Title I of the ADA – not Title III – this Court has expressly held that there exists "little, if any, substantive difference," and the proper analytical framework for considering Title III claims mirrors that applied in Title I claims. *Dahlberg v. Avis Rent A Car System, Inc.*, 92 F.Supp.2d 1091, 1105 (D. Colo. 2000).

Court to infer more than the mere possibility of misconduct, if that.  With no discernable link between that outlined in the Complaint and Plaintiff's disability, Plaintiff's ADA claim fails, mandating dismissal pursuant to Rule 12(b)(6).

## IV.  CONCLUSION

For the reasons set out above, SLV is entitled to dismissal of the immediate action on separate and independently-viable bases.  First, Plaintiff lacks standing, which deprives this Court of necessary subject matter jurisdiction.  Second, independent of the outcome of the Court's standing inquiry, Plaintiff has failed to allege facts sufficient to create a plausibility of entitlement to relief and has therefore failed to state a claim upon which relief can be granted.

SLV therefore respectfully requests that the Court GRANT this Motion to Dismiss, disposing of this action in its entirety.

RESPECTFULLY submitted this 10th day of September, 2020.

    Wood, Smith, Henning & Berman LLP

    */s/ Nick R. Herrick*
    Nick R. Herrick
    Jason H. Klein
    WOOD, SMITH, HENNING & BERMAN LLP
    1805 Shea Center Drive, Suite 200
    Highlands Ranch, Colorado 80129
    720-479-2500
    303-471-1855 fax
    nherrick@wshblaw.com
    jklein@wshblaw.com

    *Attorneys for Red Willow, Inc. a/k/a SLV Transportation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2020, a true and correct copy of Defendant Red Willow, Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) & 12(b)(6) was e-filed and/or e-served via CM ECF and also e-mailed to the following parties:

Brett Marino
3100 County Road South
Alamosa, CO  81101
Phone No. 719-580-2448
sandwich0041@yahoo.com *service via email
*Plaintiff*

        */s/ Jacqueline Geddes*
        Jacqueline Geddes